UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEPHANIE A. TOWNE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-0814-RLY-DML |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR FEES**

On March 12, 2009, Stephanie A. Towne ("Plaintiff") commenced a civil action in Marion Superior Court against American Family Mutual Insurance Company ("Defendant"). Plaintiff's complaint alleged breach of contract, claiming that Defendant failed to pay all or part of Plaintiff's claim for benefits under a policy issued by Defendant.

On April, 29, 2009, Defendant filed a Motion to Dismiss for lack of service, which was denied on May 29, 2009, by the state court. On June 30, 2009, Defendant filed a Notice of Removal in Marion Superior Court, and a Verified Petition for Removal in this court. On July 14, 2009, Plaintiff filed the present Motion to Remand and Request for Fees, claiming that Defendant's removal motion is untimely because it was filed more than thirty days after Defendant received service of Plaintiff's initial complaint. Furthermore, Plaintiff alleges that Defendant has waived the right to remove because

1

Defendant participated in the action in state court. Based on the foregoing reasons, the court **GRANTS** Plaintiff's Motion to Remand and Request for Fees.

**I.    Facts**

1. Plaintiff resides in Marion County, Indiana, and her real property and residence thereon was insured pursuant to a policy agreement with Defendant. (Plaintiff's Complaint ("Complaint") ¶ 1).

2. Defendant is a corporation with its principal place of business located in Madison, Wisconsin, and is licensed to sell insurance policies in the State of Indiana. (*Id.* ¶ 2).

3. On March 16, 2008, and again on March 22, 2008, Plaintiff alleges that an unknown person or persons entered Plaintiff's residence and ignited a fire, which caused significant damage to the structure of the house and the contents therein, and that Defendant failed to pay Plaintiff's claim under the insurance policy, therefore, breaching the contract between Plaintiff and Defendant. (*Id.* ¶ 3, 6).

4. On March 12, 2009, Plaintiff filed suit in Marion Superior Court, seeking money damages from the Defendant for failure to compensate Plaintiff for losses from the fire to Plaintiff's residence, pursuant to the insurance policy. (*Id.* ¶ 6-7). That same day, Plaintiff sent a copy of the summons and complaint by certified mail to Defendant's corporate headquarters in Madison, Wisconsin. (Plaintiff's Motion to Remand and Request for Fees ("Remand"), Exhibit F ("Exhibit F") ¶ 2).

5. On March 16, 2009, Plaintiff's counsel spoke with, and emailed the complaint to,

       Renee Faught ("Faught"), Defendant's in-house counsel. (Remand ¶ 2; Remand, Exhibit A ("Exhibit A")).

6. That same day, Faught responded to Plaintiff's email, acknowledging receipt of the complaint, and stated that she would inform Defendant's managing attorney about the matter. (Remand ¶ 3; Remand, Exhibit B ("Exhibit B")).

7. On March 19, 2009, William Lukens ("Lukens") filed an appearance in Marion Superior Court as an attorney representing Defendant, and also filed a Petition for Enlargement of Time to Plead. (Remand ¶ 4; Remand, Exhibit C ("Exhibit C")).

8. On April 29, 2009, Defendant filed a Motion to Dismiss for lack of service. (Remand ¶ 5).

9. On May 8, 2009, Plaintiff's counsel sent an email to Defendant, which requested withdrawal of the motion to dismiss, and included a scanned copy of the summons on file at the Marion Superior Court Clerk's office. (Remand ¶ 6; Remand, Exhibit D ("Exhibit D")).

10. The scanned summons shows that it was received on March 23, 2009, at Defendant's principal place of business in Madison, Wisconsin, and the return receipt was signed by Elliott Franklin ("Franklin"). (Exhibit D).

11. Defendant responded to Plaintiff's email by arguing that a review of the summons indicated improper service under Indiana Trial Rule 4.6, and that Defendant's motion to dismiss was proper due to the court's lack of jurisdiction over Defendant. (Remand ¶ 6; Remand, Exhibit E ("Exhibit E")).

12. On May 12, 2009, Plaintiff filed a motion to strike Defendant's Motion to Dismiss, claiming that service was proper because it satisfied the requirements of Indiana Trial Rule 4(A). (Remand ¶ 7; Remand, Exhibit F ("Exhibit F")).

13. On May 29, 2009, the Marion Superior Court denied Defendant's Motion to Dismiss for lack of service. (Remand ¶ 9).

14. On June 4, 2009, Plaintiff served the Alias Summons and Complaint upon Defendant's resident agent, Peter Fedij, in Indianapolis, Indiana. (Defendant's Verified Petition for Removal of Action ("Petition") ¶ 1; Petition, Exhibit A, Alias Summons; Defendant's Response to Plaintiff's Motion to Remand and Request for Fees ("Response") at 2; Response, Exhibit 1, Affidavit of Peter Fedij ("Fedij Aff.") ¶ 4).

15. On June 8, 2009, Defendant filed an answer and affirmative defenses to the Plaintiff's Complaint and claims in Marion Superior Court. (Notice of Removal, Exhibit 1, State Court Records).

16. On June 30, 2009, Defendant filed a Notice of Removal in Marion Superior Court, and a Verified Petition for Removal of Action in federal district court, pursuant to 28 U.S.C. § 1441. (Petition ¶¶ 2, 4).

17. In the Petition, Defendant acknowledged that grounds for diversity jurisdiction exist because the amount in controversy exceeds $75,000 and the suit is between citizens of different states. (*Id.* ¶¶ 4-8).

18. On July 14, 2009, Plaintiff filed the present Motion to Remand and Request for

Fees.

## II. Discussion

Removal is proper if based on statutorily permissible grounds, and if it is timely. 28 U.S.C. § 1441; 28 U.S.C. § 1446; *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529-32 (7th Cir. 2004). The party seeking to remove an action and invoking federal jurisdiction "bears the burden of demonstrating that removal is proper." *Boyd*, 366 F.3d at 529. In general, "a case may be removed only if 'the suit – as the plaintiff framed or could easily have framed it in the complaint – would have been within the district court's original jurisdiction at the time of the removal.'" *Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992) (*quoting Fed. Deposit Ins. Corp. v. Elefant*, 790 F.2d 661, 667 (7th Cir. 1986)). However, the Seventh Circuit has cautioned that "courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

### A. Timeliness of Defendant's Petition for Removal

Plaintiff moves for remand on the grounds that the removal was untimely under 28 U.S.C. § 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

One issue presented in this case is whether Defendant's Petition for Removal was timely under the thirty day limitation on which removal can be sought. Defendant argues that service of the complaint and summons was not perfected until June 4, 2009, the day upon which Plaintiff served Defendant's resident agent a copy of the complaint and summons by certified mail, and that therefore, the petition for removal filed on June 30, 2009, was timely filed. Plaintiff argues that service upon the Defendant was sufficient because Plaintiff reasonably informed Defendant of the action being instituted. Plaintiff supports this contention by showing that: (1) Defendant acknowledged receipt of the complaint and summons, which is evidenced by participation in the state court suit; (2) Defendant signed and dated a return receipt of the pleadings; and (3) the parties' email correspondence acknowledged receipt of the pleadings.

Since this action was filed in an Indiana state court, the sufficiency of service is determined by Indiana law. The Indiana Trial Rules specify certain individuals who *may* be served when serving an organization: "[i]n the case of a domestic or foreign organization upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." IND. T.R. 4.6(A)(1). If the formal requirements for service under Trial Rule 4.6 are not met, service can still be effectuated pursuant to Trial Rule 4.15(F): "[n]o summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him . . . ." IND. T.R. 4.15(F).

In *WW Extended Care, Inc. v. Aetna Life Ins. Co.*, 755 N.E.2d 712 (Ind. Ct. App. 2001), the Indiana Court of Appeals discussed the service requirements of Trial Rule 4.6 in the context of determining whether personal jurisdiction existed over an organization, when the formal service requirements of Trial Rule 4.6 were not met. The Court of Appeals recognized that, in contrast to other trial rules that require service to be made upon certain parties, Trial Rule 4.6 is discretionary in that it "provides that service *may be made* upon an . . . organization . . . ." 755 N.E.2d at 716 (quoting *Washington v. Allison*, 593 N.E.2d 1273, 1275 (Ind. Ct. App. 1992) (emphasis in original)). The Court found that "[t]he discretionary nature of . . . T.R. 4.6, coupled with the provision in T.R. 4.15(F) . . . is evidence that personal jurisdiction is acquired by any method of service of summons which comports with due process." *Id*

The Court of Appeals found that service of the pleadings was accomplished by merely sending them to the defendant insurance company, without addressing them to a specific individual. Although the Court found that the method of service was insufficient under Trial Rule 4.6 (because it did not serve an individual listed under the rule), the service satisfied Trial Rule 4.15(F) because "it was reasonably calculated to inform [the insurance company] that an action had been instituted against it." *WW Extended Care, Inc.*, 755 N.E.2d at 716. The Court also took into account that the plaintiff contacted the insurance company's counsel, in an attempt to discuss the matter and provide the insurance company with requested information, thus showing that the insurance company was aware of the action instituted against it. *Id*. Even though Indiana courts clearly

establish that actual notice of a lawsuit alone will not cure defective service, "[actual notice] may be considered in determining whether the notice was reasonably calculated to inform an organization of the action," and, therefore, satisfy Trial Rule 4.15(F). *Northwestern*, 717 N.E.2d at 954-55; *Overhauser*, 549 N.E.2d at 71, 73; *Glennar Mercury-Lincoln, Inc. v. Riley*, 338 N.E.2d 670, 675 (Ind. Ct. App. 1975).

On March 12, 2009, Plaintiff first sent the summons and complaint to Defendant's corporate office in Madison, Wisconsin by certified mail. The parcel was not addressed to a specific person, and, therefore, when it arrived to Defendant's office on March 23, 2009, Franklin, a mail room employee, signed the receipt. (Fedij. Aff. ¶ 5). Plaintiff's counsel also sent an electronic copy of the complaint via email to Defendant's in-house counsel. The correspondence from Defendant's in-house counsel acknowledged receipt of the complaint, and indicated that the complaint would be sent to the proper attorney. Based on the facts, it appears that Defendant was not properly served pursuant to Trial Rule 4.6. Therefore, the court must determine whether Plaintiff's initial service is sufficient under Rule 4.15(F).

Indiana Trial Rule 4.15(F) is meant to cure any technical deficiencies involving service of process, and Defendant's actual notice of the suit, as evidenced by email correspondence and participation in the suit, can be considered in the determination of whether service reasonably informed the organization that the action had been instituted against it. *Northwestern*, 717 N.E.2d 947. On March 19, 2009, Lukens filed an appearance on behalf of the Defendant in Marion Superior Court, and also filed a petition

8

for enlargement of time to plead, further evidencing that Defendant's counsel was reasonably informed about the pending action. On April 29, 2009, Defendant filed a motion to dismiss for lack of service, which the state court denied on May 29, 2009. Subsequent correspondence, in which Plaintiff asked the Defendant to withdraw the motion to dismiss, also shows that Defendant was aware of the suit. Therefore, the court concludes that Plaintiff's initial service to Defendant's Madison, Wisconsin headquarters, although not sufficient under Trial Rule 4.6, is cured under Trial Rule 4.15(F) because Plaintiff's error in service was a mere technicality, and Defendant's actions indicate reasonable awareness of the instituted lawsuit.

      Under § 1446(b), a defendant's time to remove is triggered by two circumstances: (1) "simultaneous service of the summons and complaint," or (2) "receipt of the complaint 'through service or otherwise,' after and apart from the service of the summons." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Boyd*, 366 F.3d at 530. However, mere receipt of the complaint, unattended by *any* formal service, is insufficient to trigger Defendant's time to remove because "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id*. Since Plaintiff's initial attempt at service reasonably notified Defendant of the pending lawsuit, it is sufficient under Trial Rule 4.15(F). Therefore, the time to remove the case was triggered upon receipt of the summons and complaint at Defendant's Madison, Wisconsin headquarters on March 23,

9

2009. Defendant did not file for removal until June 30, 2009, which was beyond the thirty day statutory period pursuant to 28 U.S.C. § 1446(b). Therefore, Defendant's petition for removal is untimely, and the court **GRANTS** Plaintiff's motion to remand.

### B. Waiver

Although the court finds that remand is appropriate because Defendant's Verified Petition for Remand was untimely, Plaintiff further argues that remand should be granted on the basis of waiver. Plaintiff alleges that Defendant's filing of the motion to dismiss in state court constitutes a waiver of the ability to remove the action.

The Seventh Circuit allows remand on the theory that a defendant has waived his right to removal in certain circumstances. *Fate v. Buckeye State Mut. Ins. Co.*, 174 F.Supp.2d 876, 881 (N.D. Ind. 2001). In *Fate*, the district court found that the defendant waived his right to remove by participating in the case at the state court level. Only after the state court denied the defendant's motion to dismiss did the defendant seek to remove the case to federal court. The court found that since the defendant "sought affirmative action in state court before removing to federal court, it evidenced an intent to litigate in state court . . . [and, therefore,] waived its right to remove this case to federal court." *Id*. at 882. This is because one of the primary purposes of limiting the time in which an action can be removed to federal court is to "prevent[] defendants, unhappy with adverse state court rulings, from taking a 'second bite at the apple' in federal court." *Id*. at 880.

Defendant does not allege that there was any question of whether diversity jurisdiction existed in the initial filing of this law suit. Similar to the defendant in *Fate*,

10

defendant participated in the state court action by filing an appearance, continuance, and a motion to dismiss. Only after the state court denied Defendant's motion to dismiss did Defendant file the Notice of Removal in state court and the Verified Petition for Removal in this court. Based on the Defendant's activities and participation in the lawsuit at the state court level, it seems that Defendant is attempting to take a second bite of the proverbial apple, thereby waiving his right to remove the case to federal court. Therefore, the court **GRANTS** Plaintiff's motion to remand on the basis of waiver.

### C. Imposition of Fees

Plaintiff also moves the court to award attorney fees incurred in seeking remand of this action. 28 U.S.C. § 1447(c) states in relevant part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). A district court "has jurisdiction to award attorney's fees under § 1447(c) . . . ." *Wis. v. Hotline Industries, Inc.*, 236 F.3d 363, 365 (7th Cir. 2000). Section 1447(c) is not a sanctions rule, rather, it is a fee-shifting statute. *Tenner v. Zurek*, 168 F.3d 328, 329-30 (7th Cir. 1999). Therefore, a defendant's bad faith in filing for removal "may strengthen the position of a party that has obtained a remand, but it is not essential to an award [under § 1447(c)] . . . ." *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). The purpose of a fee-shifting statute, such as § 1447(c) is to make the victorious party whole, as opposed to punishing the party filing the losing action. *Hotline*, 236 F.3d at 367-68; *Garbie*, 211 F.3d at 411. Section 1447(c) only allows recovery of *actual* fees incurred as a result of pleading

against removal. *Id*. at 367.

Defendant's brief focuses solely on arguments related to the appropriateness of Defendant's filing for removal, and does not raise the issue of the imposition of fees. Because the court finds that removal was improper, Defendant must compensate the Plaintiff for actual costs incurred by the Plaintiff in relation to the removal action. Plaintiff bears the burden of proving these amounts. *Id*. at 368. Therefore, the court **GRANTS** Plaintiff's request for fees, and orders Plaintiff to submit documentation within thirty (30) days of the date of this entry showing actual fees incurred in relation to Defendant's removal motion.

### III. Conclusion

Based on the foregoing reasons, the court hereby **GRANTS** Plaintiff's Motion for Remand and Request for Fees (Docket #11). Plaintiff shall submit documentation showing actual fees incurred so that the court may determine the proper amount of fees to award.

**SO ORDERED** the 22nd day of February 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

John L. Davis
PRITZKE & DAVIS LLP
jdavis@pritzkeanddavis.com

Robert Scott O'Dell
O'DELL & ASSOCIATES PC
rodell@odell-lawfirm.com